NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0562n.06

No. 09-3633

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Aug 27, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| HAXHIRE AGOLLI, | ) | |
| | ) | |
| Petitioner, | ) | On Petition for Review of an Order |
| | ) | of the Board of Immigration Appeals |
| v. | ) | |
| | ) | |
| ERIC H. HOLDER, JR., | ) | |
| Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

BEFORE: SILER and CLAY, Circuit Judges; GRAHAM,* District Judge.

GRAHAM, District Judge. Petitioner Haxhire Agolli ("Agolli") seeks review of a final administrative order of removal issued on May 13, 2009, by the Board of Immigration Appeals ("the BIA"). On that date, the BIA summarily affirmed the immigration judge's decision that Agolli was subject to removal based on her prior conviction for a theft offense under Michigan law. Agolli contests the finding of the immigration judge that her conviction, which was set aside and dismissed by the state court judge, nonetheless qualified as a conviction sufficient to support removal under the immigration laws.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Agolli is a native and citizen of Albania, admitted to United States in Newark, New Jersey, on November 27, 2000. On July 2, 2003, Agolli was charged by complaint filed in the Sixteenth Judicial District Court in Livonia, Michigan, Case No. 03L03059SM, with the offense of second degree retail fraud, a misdemeanor punishable by a term of imprisonment not to exceed one year,

---

*The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

in violation of Mich. Comp. Laws § 750.356d. On August 18, 2003, Agolli entered into a plea agreement with the Wayne County Prosecutor's Office under which she was placed in the local diversion program and the charge was taken under advisement for a period of one year. Under this agreement, if Agolli successfully completed the term of probation, the charge would be dismissed. On September 16, 2003, Agolli was placed on twelve months' probation in the local diversion program on under advisement status and was ordered to pay costs.

At a December 3, 2003, meeting with her probation officer, Agolli sought permission to travel to Canada. Agolli misunderstood the conversation with her probation officer and thought that consent for the travel was given at the meeting, when in fact it was not. Agolli's probation officer learned a month later that Agolli had traveled to Canada without permission, and on January 9, 2004, she secured the issuance of a bench warrant. Michigan District Court Judge Robert B. Brzezinski held a probation violation hearing on January 20, 2004. Agolli waived her right to counsel and pleaded guilty to the charge of retail fraud, and her under advisement status was revoked. Judge Brzezinski imposed a sentence of ten days community service in lieu of jail and costs, and entered a judgment of conviction on January 22, 2004.

By notice to appear dated December 20, 2004, the Immigration and Naturalization Service ("INS"), the predecessor agency of the Department of Homeland Security ("DHS"), instituted removal proceedings against Agolli, charging that since she had been convicted of a crime involving moral turpitude committed within five years of her admission to the United States for which a sentence of imprisonment of one year or longer could be imposed, she was subject to deportation pursuant to 8 U.S.C. § 1227.[1] On May 24, 2005, Agolli filed a motion in the Michigan court to

---

[1]Section 1227 provides in relevant part: "Any alien who— (I) is convicted of a crime involving moral turpitude committed within five years ... after the date of admission, and (II) is convicted of a crime for which a sentence of one year or longer may be imposed, is deportable." 8 U.S.C. § 1227(a)(2)(A)(i)(I) and (II). Theft is a crime of moral turpitude. *Bakal v. Ashcroft*, 56

reinstate her plea under advisement status, or, in the alternative, for relief from judgment. On June 9, 2004, Judge Brzezinski entered an order setting aside the conviction and dismissing the case.

On July 6, 2005, Agolli filed a motion to dismiss the removal proceedings, arguing that since her conviction had been set aside, it could not serve as a basis for removal. The immigration judge denied the motion on July 15, 2005, on the ground that the state court order did not indicate the basis for vacating the conviction. In so ruling, the immigration judge placed the burden on Agolli to establish that the conviction was not vacated for rehabilitative or ameliorative purposes. Agolli renewed her motion to dismiss on July 19, 2005, arguing that the conviction was set aside because she was not represented by counsel. At a hearing held on July 20, 2005, the immigration judge ruled that Agolli's second motion to dismiss was unsupported by any additional evidence. Counsel for Agolli requested the opportunity to seek clarification of the state court's order, and the immigration judge continued the hearing to August 24, 2005. At the hearing held on August 24, 2005, Agolli's attorney moved to withdraw as counsel for Agolli because Agolli had retained new counsel. Agolli's

---

Fed.Appx. 650, 654 (6th Cir. 2003).

The term "conviction" includes a formal judgment of guilt entered by a court. 8 U.S.C. § 1101(a)(48)(A). It also includes situations where "adjudication of guilt has been withheld" if:

> "(i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilty, and

> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed."

8 U.S.C. §1101(a)(48)(A)(i) and (ii).

new attorney stated that the state court had not ruled on the motion to clarify.[2]  The immigration judge refused to continue the case again, and by decision dated August 24, 2005, the immigration judge denied the second motion to dismiss.

Agolli filed a notice of appeal to the BIA on September 23, 2005.  In a decision rendered on March 30, 2007, the BIA granted Agolli's motion to reopen her motion to dismiss in light of *Pickering v. Gonzales*, 465 F.3d 263 (6th Cir. 2006), which placed the burden of proof on DHS to show that a prior conviction was vacated for rehabilitative purposes or to avoid deportation.  The BIA remanded the case to the immigration judge for further proceedings.  On remand, the parties elected to rely on the documents already filed and the briefs submitted after remand.

By decision dated February 11, 2008, the immigration judge concluded that the state court set aside Agolli's conviction on rehabilitative grounds and to avoid manifest injustice and deportation.  The immigration judge noted that although Agolli stated in her motion to set aside the conviction that she was not represented by counsel at her probation violation hearing, Agolli also contended that she stood in jeopardy of deportation, that she had no other criminal record, and that the failure to modify the conviction would result in manifest injustice.  The immigration judge concluded that "the only reasonable inference which can be drawn from the respondent's motion is that the Court set aside the conviction for either rehabilitative [reasons] or due to potential immigration consequences.  The DHS has met its burden of establishing removal by clear and convincing evidence."  The immigration judge ordered that respondent be removed to Albania.  Agolli appealed this order to the BIA, and on May 13, 2009, the BIA issued a decision affirming the immigration judge's order without opinion.  Agolli filed a petition for review of the BIA's decision on May 28, 2009.

---

[2]The record is silent as to whether the state court judge has ever issued a ruling on the motion to clarify.

## II. STANDARD OF REVIEW

Where the BIA affirms without opinion the decision of the immigration judge, this court directly reviews the decision of the immigration judge. *Sanusi v. Gonzales*, 474 F.3d 341, 345 (6th Cir. 2007). The factual findings of the immigration judge are reviewed under the substantial evidence standard. *Ben Hamida v. Gonzales*, 478 F.3d 734, 736 (6th Cir. 2007); *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004)("findings of fact are 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'")(quoting 8 U.S.C. § 1252(b)(4)(B)). "Under this deferential standard, we may not reverse the BIA determination simply because we would have decided the matter differently." *Pickering v. Gonzales*, 465 F.3d 263, 270 (6th Cir. 2006). Questions of law are reviewed *de novo*. *Ramirez-Canales v. Mukasey*, 517 F.3d 904, 907 (6th Cir. 2008).

## III. DISCUSSION

"A conviction vacated for rehabilitative or immigration reasons remains valid for immigration purposes, while one vacated because of procedural or substantive infirmities does not." *Pickering*, 465 F.3d at 266; *see also, Al-Najar v. Mukasey*, 515 F.3d 708, 716 (6th Cir. 2008)(conviction vacated solely for rehabilitative purposes was still a conviction for purposes of removal); *Sanusi*, 474 F.3d at 345 (vacation of a conviction is ineffective for immigration purposes if it was done solely to avoid immigration hardship). The government bears the burden of showing by clear and convincing evidence that the conviction was vacated solely for rehabilitative reasons or to avoid adverse immigration consequences. *Pickering*, 465 F.3d at 269. The motive of the petitioner in seeking to have the conviction quashed "is of limited relevance to our inquiry." *Id.* at 267.

To meet its burden, the government must present either direct evidence that demonstrates that the state court quashed the conviction for immigration reasons, or present evidence from which

one could infer and conclude that the state court acted solely to affect the petitioner's immigration status. *Pickering*, 465 F.3d at 270. The decision of the immigration judge may be upheld where "the only reasonable inference" to be drawn is that the conviction was vacated for the sole purpose of relieving the petitioner from deportation or for rehabilitative reasons. *Al-Najar*, 515 F.3d at 716; *Sanusi*, 474 F.3d at 347.

In *Pickering*, this court found that the government failed to sustain its burden of showing by clear and convincing evidence that the petitioner was deportable, noting that the petitioner had appealed his conviction under a provision of Canadian law that allowed a remedy only for procedural or substantive defects in the underlying conviction. *Id*. at 269-70.

In *Sanusi*, an Arkansas state court, without explanation, granted a writ of error *coram nobis* vacating petitioner's theft conviction. *Sanusi*, 474 F.3d at 344. The function of such a writ under Arkansas law is to secure relief from judgment where facts not previously brought to the attention of the court would have prevented entry of the judgment, and that there is a strong presumption in such proceedings that the judgment of conviction is valid. *Id*. at 344 n. 3. This court concluded that Sanusi's case was distinguishable from *Pickering* because Sanusi did not raise or argue any colorable legal basis for the vacation of his conviction, and "merely asked for mercy from the harsh immigration consequences of his conviction and asserted his ignorance of immigration law at the time he entered his criminal plea of guilty." *Id*. at 347. Thus, the petition for the writ and the order granting it "fail[ed] to provide the evidence from which it may be reasonably inferred that the writ of *coram nobis* was granted on any recognized legal ground." *Id*.

In *Al-Najar*, the petitioner was convicted of a controlled substance offense in a Michigan state court. The petitioner filed a motion under Mich. Ct. R. 2.612(C)(1)(e) and (f)[3] to withdraw his

_____

[3]Rule 2.612(C)(1)(e) provides that the court may relieve a party from a final judgment when "[t]he judgment has been satisfied, released, or discharged; ... or it is no longer equitable that the

guilty plea, for a new trial, and for dismissal of the charges. In the motion, petitioner stated that he was successfully discharged from probation and had incurred no other arrests, and argued that it was not equitable that the judgment should have prospective application. The Michigan court granted the motion without explanation. *Al-Najar*, 515 F.3d at 712. Although the petitioner summarily moved to withdraw his guilty plea, he specifically invoked Rule 2.612(C)(1)(e), citing his successful discharge from probation. *Id*. at 716. This court concluded that in light of petitioner's discharge from probation and his reference to Rule 2.612(C)(1)(e), "along with the absence of any substantive legal basis cited in his motion to withdraw, the only reasonable inference to draw is that Al-Najar's conviction was vacated solely for rehabilitative purposes." *Id*.

Agolli pleaded guilty on January 20, 2004, to the charge of retail fraud, and in a formal judgment entered on January 22, 2004, the court found Agolli guilty on that charge. This formal judgment of guilt entered by the Michigan court satisfies the statutory definition of "conviction" under 8 U.S.C. § 1101(a)(48)(A) for purposes of removal.[4] However, on May 24, 2005, Agolli filed a motion pursuant to Mich. Ct. R. 2.612(C)(1)(e) and (f) and Mich. Ct. R. 6.502[5] to reinstate her plea

---

judgment should have prospective application." Mich. Ct. R. 2.612(C)(1)(e). Rule 2.612(C)(1)(f) states that a party may be relieved from a final judgment for "[a]ny other reason justifying relief from the operation of the judgment." Mich. Ct. R. 2.612(C)(1)(f).

[4]Respondent argues for the first time on appeal that Agolli's placement in the diversion program on September 16, 2003, was also a "conviction" which furnishes an independent basis for Agolli's removal. *See Uritsky v. Gonzales*, 399 F.3d 728, 735 (6th Cir. 2005)(proceedings akin to expungement or deferred adjudications count as convictions). Punishment in the form of a twelve-month term of probation and payment of costs was imposed on that date, meeting the requirements of § 1101(a)(48)(A)(ii). However, it is not clear whether Agolli "admitted sufficient facts to warrant a finding of guilt" so as to satisfy the requirements of § 1101(a)(48)(A)(i). The state court records do not indicate that Agolli entered a guilty plea on that date, and her plea agreement, which might contain an acknowledgment of guilt, is not in the record.

[5]Rule 6.502 provides for the filing of a motion to set aside or modify the judgment in a criminal case for relief from judgment in criminal cases. Mich. Ct. R. 6.502(A). The motion must

under advisement status, or, in the alternative, for relief from judgment. In her brief filed in support of the motion, Agolli highlighted the provisions in Rule 2.612(C)(1)(e) and (f) which permit relief from judgment where it is no longer equitable that the judgment should have prospective application, and for any other reason justifying relief from the operation of judgment.

The Michigan court order of June 9, 2004, is silent as to the court's reasons for dismissing the case.[6] A transcript of the oral argument before Judge Brzezinski on Agolli's motion was never included in the record before the immigration judge. Although counsel for Agolli stated at the August 24, 2004, hearing before the immigration judge that she "did review the record and it appears that the Judge made his determination based on ameliorative reasons for immigration purposes[,]" counsel never explained what "record" she reviewed in reaching this opinion, nor did she refer to any specific statements made by Judge Brzezinski which would support this conclusion. In addition, counsel later qualified her statement somewhat, stating, "At the time we sought to clarify the order, it appeared that one of the reasons or one of the major reasons he considered was the immigration proceedings." This statement suggests that avoidance of removal was not the sole reason for Judge Brzezinski's decision. Since there is no direct evidence in the record, such as statements by Judge Brzezinski, which would shed light on his reasons for setting aside Agolli's conviction, we must look to other evidence in the record, including Agolli's motion, to determine if DHS presented sufficient evidence from which the immigration judge could infer that the Michigan court acted solely to affect Agolli's immigration status or for rehabilitative reasons.

---

include the grounds for the relief requested and the facts supporting each ground, stated in summary form. Mich. Ct. R. 6.502(C)(12) and (13).

[6]The order simply states: "IT IS ORDERED that the conviction in this matter entered on January 20, 2004 is set aside. IT IS FURTHER ORDERED that the case is dismissed."

Agolli's motion did include statements suggesting that dismissal of the charge was warranted for rehabilitative reasons. Agolli stated that she "successfully complied with all the terms of her sentence and her probation was terminated." She noted that she had no prior criminal record. The motion also notes the impact her conviction would have on her immigration status. Agolli stated she was notified that she was the subject of removal proceedings as a result of her conviction and was subject to deportation as a result of the conviction. In her brief filed in support of the motion for relief from justice, Agolli argued:

> As a result of the conviction entered on January 20, 2004, Defendant has been subjected to removal proceedings in the United States Immigration Court. If Defendant had the funds to retain an attorney as was done by her co-defendant, there is a substantial likelihood that her under advisement status would have been reinstated and she would not have been subject to a criminal conviction being placed on her record. Failure to modify the judgment entered on January 20, 2004 will result in a manifest injustice, as it appears that Defendant may be deported as a result of an innocent miscommunication between her and her probation officer. Justice will not be served by allowing this conviction to stand.

However, unlike *Al-Najar* and *Sanusi*, where the petitioners advanced no viable reason for setting aside the judgment of convictions apart from rehabilitation or adverse immigration consequences, Agolli articulated several other equitable reasons why the court should set aside her conviction. The motion described her December 3, 2003, meeting with her probation officer and the circumstances leading to the probation revocation proceedings. She claimed that the trip to Canada was the result of a misunderstanding of her probation officer's response to her travel request because of her poor command of the English language. Agolli contended that her conviction following the violation of her probation and the resulting revocation of her "under advisement" status was inequitable because the violation was the result of an innocent misunderstanding, due to her poor comprehension of the English language, that she had permission to travel to Canada. She noted that

9

her co-defendant translated for her at the meeting with the probation officer. Judge Brzezinski could reasonably have concluded that Agolli's poor command of the English language and her misunderstanding about whether she had permission to travel mitigated the violation and rendered the revocation of her "under advisement" status inequitable.

Agolli also noted in her motion that she appeared without counsel at the violation hearing on January 20, 2004, and was without funds to retain an attorney. Agolli did not specifically seek leave to withdraw her guilty plea on the ground that she had been deprived of her right to counsel in violation of the Sixth Amendment; the January 22, 2004, judgment entry in her case states that "Defendant was advised of right to counsel and appointed counsel and knowingly, intelligently, and voluntarily waived that right."

However, Agolli stated in her motion that her command of the English language was so poor that an interpreter was present at the hearing on September 16, 2003, when the court first accepted her plea agreement and placed her on "under advisement" status. Although the state court docket entry for the arraignment on July 21, 2003, reveals that the case was adjourned for the pretrial conference, and includes the notation "INTERPRETER REQUESTED AND NOTIFIED[,]" there is no indication that an interpreter was present at the probation revocation hearing on January 20, 2004. Thus, even though Agolli did not specifically argue that her waiver of counsel was invalid, Judge Brzezinski may well have had second thoughts about the validity of that waiver in light of Agolli's claims in her motion concerning her lack of understanding of the English language. Judge Brzezinski could reasonably have noted the fact that Agolli was without funds to hire an attorney and questioned whether she actually comprehended her right to have appointed counsel. Thus, unlike

the pleadings in *Al-Najar* and *Sanusi*, Agolli's motion, when read as a whole, raised colorable questions concerning the validity and fairness of her conviction.

Agolli also noted in her motion to set aside her conviction that her co-defendant retained counsel and was able to obtain reinstatement of her "under advisement" status, and ultimately the dismissal of her case. Judge Brzezinski could reasonably have concluded that the disparity in outcomes between Agolli's case and that of her co-defendant warranted setting aside Agolli's conviction.

Thus, the pleadings and records in the state court case reveal that there were other reasons besides rehabilitation or adverse immigration consequences upon which Judge Brzezinski could have relied in granting the requested relief. Since this is not a case where the only reasonable inference that can be drawn is that the conviction was vacated for the sole purpose of relieving Agolli from deportation or recognizing her rehabilitation, *Al-Najar* and *Sanusi* are distinguishable and do not dictate the outcome here. We find that the DHS has failed to sustain its heavy burden of showing that Agolli's conviction was set aside solely for rehabilitative or immigration reasons. The judgment of the BIA is REVERSED and we REMAND this case to the Board of Immigration Appeals for entry of an order terminating removal proceedings and quashing the order of deportation.

**SILER**, Circuit Judge, dissenting. I respectfully dissent, because I think this case is controlled by our previous decisions in *Al-Najar v. Mukasey*, 515 F.3d 708 (6th Cir. 2007), and *Sanusi v. Gonzales*, 474 F.3d 341 (6th Cir. 2007), and that *Pickering v. Gonzales*, 465 F.3d 263 (6th Cir. 2004), can be distinguished. As the majority opinion concludes, the key is whether the Michigan court on June 9, 2004, vacated Agolli's conviction for rehabilitative or immigration purposes. If it did, then it is still valid for immigration purposes, but if it was vacated because of procedural or substantive infirmities, then it cannot effect Agolli's removal based on her prior conviction for a theft offense under Michigan law. See *Pickering*, 465 F.3d at 266.

I agree with the majority that the Government bears the burden of showing by clear and convincing evidence that the conviction was vacated for rehabilitative reasons or to avoid adverse immigration consequences. *Id.* at 269. *Pickering* can be distinguished from our case, because Canadian law only allowed for the vacatur of a conviction based on procedural or substantive defects in the underlying conviction. Thus, it was legally impossible for the Canadian court to vacate the prior conviction for rehabilitative or immigration causes. In *Sanusi*, when the petitioner had his prior theft conviction vacated by an Arkansas state court, he did not raise any grounds for the vacatur of his conviction, except to request "mercy from the harsh immigration consequences of his conviction and asserted his ignorance of his immigration law at the time he [pled guilty]." *Sanusi*, 474 F.3d at 347.

The closest factual situation to our case is found in *Al-Najar*. Similar to Agolli, he completed his probation and moved a Michigan court to withdraw his guilty plea pursuant to Mich. Ct. R. §2.612(C)(1)(e) and (f). He did not assert any other "substantive legal basis cited in his motion to

withdraw." *Al-Najar*, 915 F.3d at 716. Thus, the only reasonable inference which we drew in that case was that the "conviction was vacated solely for rehabilitative purposes." *Id.* As in our case, there was no transcript of the proceeding nor was there an explanation of why the motion was granted. *Id.* at 712. When Agolli filed her motion for relief from judgment in the Michigan state court, she recited the fact that she had complied with all the terms of her sentence and her probation was terminated. As the majority indicates, Agolli noted that she had no prior criminal record and mentioned the fact that she was the subject of removal proceedings as a result of her conviction. Certainly, she further asserted that she was without counsel when she appeared before the court and did not have the funds to hire a lawyer, but the judgment entry in her case indicated that "defendant was advised of right to counsel and appointed counsel and knowingly, intelligently, and voluntarily waived that right." She did not ask to withdraw her plea of guilty because of the lack of counsel or because of a lack of a proper interpreter. Instead, the motion said that the "Failure to modify the judgment . . . will result in a manifest injustice, as it appears that Defendant may be deported as a result of an innocent miscommunication between her and her probation officer." She suggested "relief from judgment in the interests of justice and equity."

Mich. Ct. R. §2.612(C)(1)(e) allows relief from judgment where a prior judgment on which it is based has been reversed or otherwise vacated, so that does not apply. However, subsection (f) provides for any other reason justifying relief from the operation of the judgment. Like the situation in *Al-Najar*, the only reason that the motion was filed was to preclude deportation. Although the majority recites the fact that Agolli articulated some other equitable reasons why the court should set aside her conviction, it is obvious that the sole purpose was to relieve her from immigration

sanctions. There was no substantive or procedural defect in the underlying criminal proceedings. She may have alluded to some, but the court could not determine those issues without a hearing. Ordinarily, we review whether a criminal conviction renders an alien removable de novo. See *Sanusi*, 474 F.3d at 345. However, in this case we are to decide whether the state court vacated a criminal conviction for rehabilitative or immigration-related reasons, so we review the agency's findings under the compelling evidence standard. See *Pickering*, 465 F.3d at 271. Thus, we uphold such findings "as long as they are 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Sanusi*, 474 F.3d at 345 (citations omitted). Because I do not think that the evidence compels us to rule otherwise, I would uphold the decision of the BIA and deny review.