**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 11a0379n.06

No. 10-3761

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jun 06, 2011*

LEONARD GREEN, Clerk

CHIDI CHRISTIAN NWACHUKWU,    )
        )
    Petitioner,       )   ON PETITION FOR REVIEW FROM A
        )   FINAL ORDER OF THE BOARD OF
v.           )   IMMIGRATION APPEALS
        )
ERIC H. HOLDER, Jr., Attorney General,   )
        )
    Respondent.      )

Before: KEITH, MARTIN, and COOK, Circuit Judges.

PER CURIAM. Chidi Christian Nwachukwu, a native and citizen of Nigeria, petitions for review of a Board of Immigration Appeals order affirming an Immigration Judge's decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture. He also moves this court to proceed in forma pauperis and for the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Nwachukwu entered the United States in 2002 as a visitor. He married a United States citizen in December 2002, and his wife filed an immediate relative petition on his behalf. This petition was approved, and Nwachukwu eventually became a lawful permanent resident. However, the couple separated soon after, and Nwachukwu was charged with numerous counts of sexually abusing his 14-year-old stepdaughter, who had lived with Nwachukwu and his wife in the same household. Nwachukwu pleaded *nolo contendere* to one count of first-degree criminal sexual

conduct in violation of Michigan Compiled Laws § 750.520b(1)(b). In May 2007, he was sentenced to two years to twenty years in prison, and served three years before being paroled in March 2010.

In March 2009, while Nwachukwu was incarcerated, the Department of Homeland Security served Nwachukwu with a Notice to Appear, charging him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) for his conviction. They characterized his offenses as an aggravated felony relating to the sexual abuse of a minor, and a crime of violence, as defined in sections 101(a)(43)(A) and (43)(F) of the Immigration and Nationality Act. Nwachukwu then filed an application for asylum, withholding of removal, and protection under the Torture Act.

After a hearing was held, it was determined that the documents submitted by the government established the charges and conviction, and that Nwachukwu's offense, defined under Michigan Compiled Laws § 750.520b(1)(b) as sexual penetration with a victim of 13 to 16 years of age and the defendant being a member of the same household, constituted the type of conduct which Congress intended to include as an "aggravated felony" under the Immigration Act. It was concluded that the first charge of removability, pursuant to section 237(a)(2)(A)(iii) of the Act was sustainable. *See* 8 U.S.C. §§ 1101(a)(43)(A), 1227(a)(2)(A). It was determined that the offense also fell within the definition of a "crime of violence" so this alternative charge of removability was also sustainable. *See* 8 U.S.C. §§ 1101(a)(43)(F), 1227(a)(2)(A).

It was then determined that, as a result of the conviction, Nwachukwu was statutorily barred from asylum relief, pursuant to section 208(b)(2)(B)(i) of the Act. *See* 8 U.S.C. § 1158(b)(2)(A)(ii), (b)(2)(B)(i). It was also determined that Nwachukwu's application for withholding of removal was also barred, pursuant to section 241(b)(3)(B)(ii), because the conviction involved a "particularly serious crime." Therefore, Nwachukwu's claim for relief under the Torture Act was the only one not statutorily barred. *See* 8 C.F.R. § 1208.16(c),(d). Nevertheless, Nwachukwu was eligible only for deferral of removal rather than withholding of removal under the Act. *See* 8 C.F.R. § 1208.17(a). It was determined that Nwachukwu was not credible, and had not met his burden of showing that more likely than not he would be tortured upon being removed to Nigeria.

On appeal, the Board agreed that Nwachukwu's *nolo contendere* plea constituted a "conviction" for purposes of his immigration appeal. The Board also agreed that Nwachukwu's conviction for criminal sexual conduct fell within the definition of "sexual abuse of a minor" under the Act, *see* 8 U.S.C. § 1101(a)(43)(A), and therefore satisfied the definition of "aggravated felony." The Board found it unnecessary to address whether the conviction was a crime of violence under the Act. Because his conviction as an aggravated felon was established, the Board upheld the decision finding that Nwachukwu was not eligible for asylum relief, and also upheld the determination Nwachukwu's crime was particularly serious so that he was also ineligible for withholding of removal. The Board also determined Nwachukwu was not entitled to deferral of removal under the Convention Against Torture because he had failed to establish that, more likely than not, he would be tortured if removed to Nigeria. *See* 8 C.F.R. § 1208.17.

The Board rejected numerous claims that Nwachukwu raised for the first time on appeal, including his claim that he was denied due process and a fair hearing because portions of his hearing were transcribed as "indiscernible." The Board also determined that Nwachukwu had failed to explain how his rights under the Sixth and Eighth Amendments were violated, and held that it was unpersuaded by Nwachukwu's arguments surrounding his alleged right to a consular representative from his native country at the time of his arrest. Finally, the Board denied Nwachukwu's motion for cancellation of removal.

Nwachukwu timely filed a petition for review, preserving the following arguments: 1) his plea of *nolo contendere* did not establish his guilt and conviction for purposes of his application for asylum and withholding of removal; 2) he was denied access to Nigerian consulate when he was arrested, in violation of his rights under the Vienna Convention; 3) his underlying conviction is invalid; 4) the removal order subjects him to cruel and unusual punishment in violation of the Eighth Amendment, and to double jeopardy in violation of the Fifth Amendment; 5) he was wrongly denied relief under the Torture Act because he has shown that he will be tortured after his removal to Nigeria; 6) the adverse credibility determination was erroneous; 7) the transcript contained omissions and errors that denied him due process; 8) they failed to examine whether he was subjected to

hardship in analyzing his claim of cancellation of removal; 9) the provisions of the Act barring his eligibility for asylum and withholding should not be applied because his offense was governed by state law rather than federal law; and 10) he met his burden of showing a well-founded fear of persecution in Nigeria to be entitled to asylum relief.

In reviewing an asylum determination where the Board adopts portions of the hearing judge's reasoning and supplements the opinion, we review the opinion as supplemented by the Board's analysis. *Zhao v. Holder*, 569 F.3d 238, 246 (6th Cir. 2009).

The existence of subject matter jurisdiction is reviewed de novo. *Abu-Khaliel v. Gonzales*, 436 F.3d 627, 630 (6th Cir. 2006). We lack jurisdiction to review a final order of removal of an alien who is removed for committing a criminal offense as set forth in 8 U.S.C. § 1227(a)(2)(A)(iii). *See* 8 U.S.C. § 1252(a)(2)(C). The only exception to this jurisdictional bar is when an appellate court considers "constitutional claims or questions of law raised upon a petition for review," as permitted under 8 U.S.C. § 1252(a)(2)(D). Thus, we do have jurisdiction to review Nwachukwu's due process claims, as well as the issues relating to whether his *nolo contendere* plea in state court for criminal sexual conduct constituted a conviction for an aggravated felony as defined under the Immigration Act. *See Ikharo v. Holder*, 614 F.3d 622, 629 (6th Cir. 2010).

Nwachukwu's plea of *nolo contendere* was sufficient to establish his conviction for purposes of barring his application for asylum and withholding of removal. The Act clearly states that the term "conviction" includes a plea of *nolo contendere* where some form of punishment has been ordered. 8 U.S.C. § 1101(a)(48)(A).

We find no merit to Nwachukwu's argument that his conviction could not amount to an "aggravated felony" under the Act because it was governed by state rather than federal law. Under the Act, the term "aggravated felony" applies to any offense "in violation of Federal or State law." 8 U.S.C. § 1101(a)(43) (final paragraph). We conclude that Nwachukwu's conviction for sexual criminal conduct in Michigan was an "aggravated felony" and was also a "particularly serious crime" under the Act. The charge of removability based on Nwachukwu's violation of Michigan's sexual misconduct law under Michigan Compiled Laws § 750.520b(1)(b) was a permissible construction

of the statute. *See INS v. Aguirre-Aguirre*, 526 U.S. 415, 424-25 (1999). As a result, Nwachukwu's conviction barred asylum relief and the withholding of removal. *See* 8 U.S.C. §§ 1101(a)(43)(A), 1227(a)(2)(A), 1158(b)(2)(A)(ii), 1158(b)(2)(B)(i). Because Nwachukwu is statutorily ineligible for asylum relief, we need not address his argument that the evidence was sufficient to show that he had a well-founded fear of persecution, an element he would otherwise be required to show. Likewise, because of his conviction, Nwachukwu is barred from relief as a "battered spouse." *See* 8 U.S.C. § 1229b(b)(2). And, Nwachukwu's claim for relief under the Act, based only on Nwachukwu's challenge to the Board's finding as to the likelihood that he will be tortured upon his return to Nigeria, is barred because of his having committed a criminal offense. *See Singh v. U.S. Att'y. Gen.*, 561 F.3d 1275, 1280 (11th Cir. 2009)(per curiam).

Nwachukwu argues that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment when he was ordered removed, and that he was subjected to double jeopardy in violation of the Fifth Amendment when he was convicted in Michigan then removed to Nigeria for the same offense. However, Nwachukwu's removal is not considered "punishment" for purposes of applying these constitutional rights and principles. *See Elia v. Gonzales*, 431 F.3d 268, 276 (6th Cir. 2005); *Cadet v. Bulger*, 377 F.3d 1173, 1196 (11th Cir. 2004).

Nwachukwu argues that his due process rights were violated when portions of the administrative hearing were transcribed as "indiscernible." We review such claims de novo in removal proceedings. *Garza-Moreno v. Gonzales*, 489 F.3d 239, 241 (6th Cir. 2007). While aliens are entitled to due process in deportation proceedings, a due process violation may be established only upon a showing "that a constitutional error caused actual prejudice." *Al-Ghorbani v. Holder*, 585 F.3d 980, 992 (6th Cir. 2009). In other words, Nwachukwu must demonstrate that any alleged defect affected the outcome of his proceedings. *See Ikharo*, 614 F.3d at 631. The transcript of the hearing reveals that it was reasonably accurate and allowed for meaningful appellate review. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006). Nwachukwu has failed to show how the minor omissions affected the outcome of the proceedings. Thus, we find no merit to this claim.

Nwachukwu's remaining claims attack the validity of his underlying conviction in state court. However, Nwachukwu may not collaterally attack his underlying conviction in these removal proceedings. *See Al-Najar v. Mukasey*, 515 F.3d 708, 714-15 (6th Cir. 2008). It was proper to refrain from "go[ing] behind the judicial record" to determine Nwachukwu's guilt or innocence or examining the validity of his plea. *Id*. (quoting *Palmur v. INS*, 4 F.3d 482, 489 (7th Cir. 1993)).

Accordingly, Nwachukwu's motion to proceed in forma pauperis is granted for the limited purpose of reviewing his petition, his motion for the appointment of counsel is denied, the petition for review is denied, and his request to stay removal is also denied.