*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0058p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

GAMIL AL-NAJAR,

*Petitioner,*

*v.*

No. 05-4448

MICHAEL MUKASEY, Attorney General of the United States,

*Respondent.*

---

On Petition for Review from a Decision
of the Board of Immigration Appeals.
No. A45 767 812.

Argued: December 5, 2007

Decided and Filed: January 31, 2008

Before: RYAN, BATCHELDER, and GRIFFIN, Circuit Judges.

---

## COUNSEL

**ARGUED:** Irena I. Karpinski, THE LAW OFFICE OF IRENA I. KARPINSKI, Washington, D.C., for Petitioner. Janice K. Redfern, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Irena I. Karpinski, THE LAW OFFICE OF IRENA I. KARPINSKI, Washington, D.C., for Petitioner. Janice K. Redfern, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

## OPINION

---

GRIFFIN, Circuit Judge. Petitioner Gamil Al-Najar appeals from a decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") opinion that Al-Najar failed to meet his burden of proof for establishing eligibility for asylum, withholding of removal, and protection under the Convention Against Torture, and holding that Al-Najar was eligible for removal due to a 2002 Michigan state conviction for possession of a controlled substance. Al-Najar argues that he is not subject to removal because his prior conviction did not in fact involve a controlled substance and because his plea of guilty was withdrawn and his conviction vacated. Al-Najar argues further that the IJ abused its discretion in declining to continue Al-Najar's case, the IJ breached a duty to inform Al-Najar that he was eligible for relief under Immigration Nationality Act § 212(h), 8 U.S.C. § 1182, he was entitled to voluntary departure, and he had demonstrated that he

was qualified for asylum, withholding of removal, and withholding under the Convention Against Torture ("CAT").

The government urges us to remand to the BIA so that the agency may determine whether Al-Najar's conviction for possession of khat constitutes possession of a controlled substance. In the alternative, the government argues that Al-Najar may not collaterally attack his state conviction; the BIA found correctly that petitioner's conviction applied for immigration purposes; this court lacks jurisdiction to consider Al-Najar's requests for continuance and voluntary departure; the IJ did not err in failing to provide petitioner the opportunity to apply for a § 212(h) waiver; and Al-Najar has waived review of the denial of his petition for asylum, withholding of removal, and withholding under the CAT. Al-Najar opposes a remand.

For the reasons stated below, we hold that a remand is unnecessary because Al-Najar's challenge to his Michigan state court conviction constitutes an impermissible collateral attack. Because Al-Najar presents no other claims that would entitle him to relief, we deny the petition for review.

I.

Petitioner Gamil Al-Najar, a native and citizen of Yemen, was admitted to the United States on March 31, 2000, as a conditional resident because of his marriage to an American citizen. On December 14, 2001, Al-Najar was arrested in Dearborn, Michigan for possession of a controlled substance, after having been found selling khat at a Dearborn area convenience store.[1] He pleaded guilty to the charge on July 31, 2002, and received a sentence of probation and a fine of $300. Al-Najar was discharged from probation on July 1, 2003, for the successful completion of his probationary requirements, and his case was dismissed.

On August 27, 2003, the former Immigration and Naturalization Service, now the Department of Homeland Security ("DHS"), served Al-Najar with a Notice to Appear, charging him with removability, pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), based on his controlled substance conviction. Al-Najar responded by requesting asylum pursuant to 8 U.S.C. § 1158, withholding of removal pursuant to 8 U.S.C. § 1231(b)(3), protection under the CAT, and, in the alternative, voluntary departure pursuant to 8 U.S.C. § 1229c.

After a hearing on his asylum petition, the IJ rejected Al-Najar's claim, finding that his petition was untimely because it was filed more than one year after his arrival to the United States. Furthermore, the IJ concluded – even assuming that Al-Najar's petition was timely – that Al-Najar's petition was meritless because Al-Najar lacked credibility due to his failure to disclose an arrest for failure to obey a police officer, and he had failed to establish that he had suffered any past persecution while he lived in Yemen. Finally, the IJ found that Al-Najar did not show that it was more likely than not that he would be tortured upon his return to Yemen.

Al-Najar appealed the IJ's decision to the BIA. While his appeal was pending, counsel for Al-Najar filed a Motion for Withdrawal of Guilty Plea, For New Trial, and For Dismissal of Charges with the Dearborn trial court. The motion, which was premised explicitly on M.C.R. § 2.612(C)(1)(e) and (f), stated, in pertinent part:

---

[1] As we explained in *Samatar v. Clarridge*, 225 F. App'x 366, 368 (6th Cir. 2007) (citations omitted), "Khat, or 'catha edulis,' is a shrub which grows wild and as a cash crop in Kenya, Somalia, Yemen, and other countries in Northeastern Africa." It is "known to contain the psychoactive chemical cathinone, a stimulant . . . listed as a Schedule I controlled substance under Ohio [and federal] law. Khat also contains the less potent stimulant, cathine, a Schedule IV controlled substance under Ohio [and federal] law."

2.      That on July 31, 2002, Defendant Gamil Al-Najar pled guilty to the charge of possession of a controlled substance, an apparent violation of Dearborn City Ordinance 14-157;

3.      That Defendant pled guilty on advice of his then counsel and received probation for 9 months and was successfully discharged from probation on July 1st, 2003;

4.      That Defendant has complied with all the conditions set by this Court and has not been subsequently arrested by any authority for any other violations of criminal law;

5.      That grounds for holding Defendant guilty of violating Dearborn City Ordinance 14-157 do not otherwise exist independent of Defendant's plea of guilty, which he moves to withdraw forthwith;

6.      That insofar as there are no other grounds for holding Defend[ant] guilty of the charge listed above, it is therefore not equitable that the judgment should have prospective application.

The motion was granted without explanation on June 15, 2005.

The BIA upheld the IJ's decision, agreeing that Al-Najar is "statutorily ineligible for asylum" because of his untimely application, that petitioner "failed to meet his burden to establish by sufficiently consistent and credible testimony that it is more likely than not that he would be persecuted on account of a protected ground," and that Al-Najar "failed to meet his burden of proof to establish that it is more likely than not that he would be tortured if returned to Yemen." The BIA, quoting from *Matter of Pickering*, 23 I & N Dec. 621 (BIA 2003), also rejected petitioner's argument that the June 15, 2005, vacatur of his conviction rendered him ineligible for removal, explaining that Al-Najar had not "demonstrated whether his plea of guilty was vacated for 'reasons solely related to rehabilitation or immigration hardships' or 'on the basis of a procedural or substantive defect in the underlying criminal proceedings.'" The BIA further rejected Al-Najar's claim that the IJ erred in failing to continue his proceedings and that the IJ erred in denying him the opportunity to apply for a waiver of inadmissability pursuant to 8 U.S.C. § 1182. The BIA did not address Al-Najar's argument, raised in an August 12, 2005, Motion for Leave to File Supplemental Brief, that his conviction for possessing khat was not a violation of any law relating to a controlled substance under the Controlled Substances Act ("CSA"). Al-Najar timely petitioned this court for review.

II.

The DHS charged Al-Najar with removability pursuant to 8 U.S.C. § 1227, which sets out the class of deportable aliens, including:

Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.

8 U.S.C. § 1227(a)(2)(B)(i). Al-Najar spends the bulk of his brief on appeal arguing that khat is not a controlled substance under the CSA, and therefore he is not removable under § 1227(a)(2)(B)(i).[2]

The government urges us to remand to the BIA so it may determine whether Al-Najar's conviction qualifies him for removal, relying on the Supreme Court's decision in *INS v. Ventura*, 537 U.S. 12 (2002) (per curiam) for support. In *Ventura*, the Supreme Court held that it was error for the lower appellate court to address, without first allowing the BIA to consider, the government's claim that the petitioner did not qualify for asylum because conditions in his home country had improved to the point where no threat of persecution existed currently. *Id.* at 13.[3] The Court concluded that the appellate court "committed clear error" by "disregard[ing] the agency's legally-mandated role," and observed that "[a] court of appeals is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *Id.* at 16 (internal quotation omitted). The Supreme Court explained the rationale that compelled remand to the BIA:

> Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands. This principle has obvious importance in the immigration context. The BIA has not yet considered the "changed circumstances" issue. And every consideration that classically supports the law's ordinary remand requirement does so here. The agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides.

*Id.* at 16-17.

Four years later, in *Gonzales v. Thomas*, 547 U.S. 183 (2006), the Supreme Court again held that remand is necessary where the BIA fails to consider a petitioner's claim under the Immigration and Nationality Act ("INA"). In *Thomas*, the petitioners sought asylum on the basis, *inter alia*, that they feared persecution on account of their membership in a particular social group – specifically, their kinship with a white South African racist who had mistreated black workers that he supervised as their foreman. The IJ rejected their claim, and the BIA summarily affirmed. On review to the court of appeals, the Ninth Circuit held that the BIA had failed to adequately consider the petitioners' claim based upon membership in a particular social group, the petitioners had successfully shown that their family qualified as such a social group, and the petitioners had been persecuted on account of their membership in the family. The Supreme Court summarily reversed the lower appellate court, holding that the court's failure to remand the case to the BIA so that the BIA could first consider the petitioners' claim that the aliens' family "presents the kind of 'kinship ties' that constitute[s] a 'particular social group'" was legally erroneous "and that error is obvious in light of *Ventura*." *Id.* at 185-86 (quotation omitted).

---

[2] Although Al-Najar raised this argument for the first time in a supplemental brief to the BIA, we nevertheless may consider his claim. Even assuming that he did not exhaust his administrative remedies by failing to present this argument before the IJ, the government did not argue failure to exhaust on appeal. *See Badwan v. Gonzales*, 494 F.3d 566, 571 (6th Cir. 2007); *see also Korsunskiy v. Gonzales*, 461 F.3d 847, 849 (7th Cir. 2006) (contrasting exhaustion requirement with jurisdictional limitations, explaining that "[e]xhaustion is a condition to success in court but not a limit on the set of cases that the judiciary has been assigned to resolve" and observing that the government on appeal "may waive or forfeit the exhaustion issue, something that it could not do for a genuinely 'jurisdictional' limit").

[3] In *Ventura*, the government raised this issue before the BIA, but the BIA failed to comment upon the government's argument in its disposition of the alien's petition.

We conclude that *Ventura* and *Thomas* do not compel a remand in this case. The questions at issue in *Ventura* – whether circumstances had changed in the petitioner's home country enough to overcome a presumption of future persecution – and *Thomas* – whether membership in a particular family is considered membership in a "particular social group" – are ones within the BIA's expertise. Thus, the BIA's resolutions of these issues are generally given deference by a court of appeals. *See Mostafa v. Ashcroft*, 395 F.3d 622, 624 (6th Cir. 2005) (explaining that this court must uphold BIA's determination if it is supported by "substantial evidence"). In contrast, on remand, the BIA here would be charged with interpreting the CSA, which falls outside of its expertise, and its interpretation of the statute would ordinarily not be given deference by this court on review. *See Patel v. Ashcroft*, 401 F.3d 400, 407 (6th Cir. 2005) (explaining that "the BIA's ultimate conclusion that a particular state conviction amounts to an aggravated felony conviction within the meaning of § 1227(a)(2)(A)(iii) is reviewed de novo because such a conclusion depends upon interpreting state statutes and federal statutes unrelated to immigration").

More importantly, however, a remand is unnecessary because Al-Najar's petition is premised on a futile collateral attack on his Michigan state conviction. An alien petitioner may not collaterally attack a criminal conviction that serves as the basis for the DHS's initiation of removal proceedings against the alien, regardless of whether the attack is raised in a habeas petition or, as it is here, on review from a decision of the BIA. *See Taylor v. United States*, 396 F.3d 1322, 1330 (11th Cir. 2005) (observing that "an alien may not collaterally attack a state court conviction in deportation proceedings or petitions for review of BIA decisions"); *Resendiz v. Kovensky*, 416 F.3d 952, 961 (9th Cir. 2005) (holding that alien petitioner "may not collaterally attack his state conviction in a habeas petition against the INS under § 2241"); *Abimbola v. Ashcroft*, 378 F.3d 173, 181 (2d Cir. 2004) (stating that aliens may not collaterally attack state convictions through habeas petition challenging a BIA removal order); *Palmer v. INS*, 4 F.3d 482, 489 (7th Cir. 1993) ("An alien may not collaterally attack an otherwise valid state court conviction, or go behind the judicial record to determine, in immigration proceedings, the guilt or innocence of the alien."); *Brown v. INS*, 856 F.2d 728, 731 (5th Cir. 1988) (holding that petitioner may not collaterally attack the legitimacy of criminal convictions in removal proceedings). *See also United States v. Paige*, 470 F.3d 603, 611 (6th Cir. 2006) (observing that, in criminal sentencing proceedings, "unless the prior felony convictions have previously been ruled invalid or were obtained without attorney representation, a defendant may not collaterally attack the constitutional validity of a prior conviction at sentencing"); *United States v. Bonds*, 48 F.3d 184, 186 (6th Cir. 1995) (same).

Al-Najar argues that his guilty plea to possessing khat was akin to pleading guilty to possessing sugar, in that neither substance is listed as a controlled substance under the CSA. But Al-Najar did not plead guilty to possessing khat any more than he pleaded guilty to possessing sugar. Rather, he pleaded guilty to possession of a controlled substance, in violation of MICH. COMP. LAWS § 333.7411. By entering his plea of guilty, Al-Najar admitted that the substance he possessed on December 14, 2001, was a controlled substance. He cannot now collaterally attack that conviction in these removal proceedings, absent any claim that his plea was constitutionally invalid or that he was deprived of counsel. *See Bonds*, 48 F.3d at 186. Because neither exception applies, Al-Najar's collateral attack on his Michigan state conviction is foreclosed.

III.

Next, Al-Najar argues that his Michigan state conviction should not be used against him in these removal proceedings because it has been vacated. We hold that the government has met its burden of proof to show that Al-Najar's conviction was vacated because of Al-Najar's fulfillment

of probationary rehabilitation requirements.[4]  Therefore, we conclude that the conviction may serve as a predicate offense for Al-Najar's removal.

The determinative question is whether, despite the vacatur of his state court conviction for possession of a controlled substance, Al-Najar remains "convicted" of a law relating to a controlled substance.  The INA defines "conviction" as:

> [A] formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where  – (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A).

In *Pickering v. Gonzales* (amended opinion), 465 F.3d 263 (6th Cir. 2006), we explained that in order to show that a vacated conviction nevertheless applies for immigration purposes, the government has to present "direct evidence" to demonstrate that the original court quashed the conviction for immigration or rehabilitative reasons, or present evidence "from which one could infer and conclude" that the original court acted to affect the alien's immigration status or in recognition of the alien's rehabilitation. *Pickering*, 465 F.3d at 270.  In holding that the government failed to meet its burden, we relied heavily on a restriction in Canadian law (where the petitioner's underlying drug offense originated), that allowed for the vacatur of a conviction only when there was a procedural or substantive defect in the underlying conviction. *Id.* at 269.  In the absence of any explanation by the Canadian court for its vacatur, we held that we could not assume that the Canadian court had vacated the conviction for any improper reason:  "When a court acts pursuant to a law that allows it to act based only on the merits of the underlying position, it is presumed not to have acted contrary to that law, solely to enable the Petitioner to avoid adverse immigration consequences." *Id.* at 269 n.4.

In *Sanusi v. Gonzales*, 474 F.3d 341 (6th Cir. 2007), we distinguished *Pickering* and held that the government had met its burden to show that the petitioner's prior state court conviction had been vacated solely for immigration purposes.  Although the state court in *Sanusi* did not provide any explanation for its vacatur, we relied significantly on the alien's petition for writ of *coram nobis* filed before the state court, which was based solely on a request for mercy from the harsh immigration consequences of his conviction. *Id.* at 347.  Because the alien's request for vacatur before the state court contained no legal basis to set aside his conviction, we concluded that there was no "evidence from which it may be reasonably inferred that the writ of *coram nobis* was granted on any recognized legal ground." *Id.*

Applying *Sanusi*, we hold that the government has met its burden to show that Al-Najar's conviction was vacated solely for rehabilitative purposes.  Although Al-Najar now argues that khat is not a controlled substance as defined in either the CSA or MICH. COMP. LAWS § 333.7411, he presented no such claim in his Motion for Withdrawal of Guilty Plea.  Rather, his motion invoked M.C.R. § 2.612(C)(1)(e), which allows for the relief of a judgment where the "judgment has been satisfied, released, or discharged."  Al-Najar's motion was thus predicated on his claim that he had "complied with all the conditions set by [the State's Nineteenth District Court] and ha[d] not been subsequently arrested by any authority for any other violations of criminal law . . . ."  In light of Al-

---

[4]As Al-Najar notes correctly, the BIA appeared to improperly place the burden on the petitioner to prove that his state court conviction was quashed for non-rehabilitative reasons.  As we made clear in *Pickering*, the burden rests on the government to show that a vacated conviction remains valid for immigration purposes.  465 F.3d at 269 n.4. Nevertheless, despite the BIA's error, we hold that the government has met its burden in this case.

Najar's discharge from probation because of his completion of his probationary requirements and the reference to M.C.R. § 2.612(C)(1)(e), along with the absence of any substantive legal basis cited in his motion to withdraw, the only reasonable inference to draw is that Al-Najar's conviction was vacated solely for rehabilitative purposes. As *Pickering* makes clear, this is an insufficient basis to disregard Al-Najar's conviction for possession of a controlled substance in these removal proceedings. We therefore affirm the BIA's ruling that Al-Najar is subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(B)(i).

IV.

Al-Najar next challenges the IJ's denial of his requests for a continuance and for voluntary departure. As the government argues correctly, we lack jurisdiction to review the IJ's denial of voluntary departure. 8 U.S.C. § 1252(a)(2)(B)(i) (declaring that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under . . . [8 U.S.C. § 1229c]"); *see also Abu-Khaliel v. Gonzales*, 436 F.3d 627, 630-31 (6th Cir. 2006). Thus, the IJ's denial of Al-Najar's request for voluntary departure is not properly before this court.

However, we have jurisdiction to consider Al-Najar's request for a continuance. *Abu-Khaliel*, 436 F.3d at 633-34 (distinguishing between duties conferred to IJ by statute as opposed to duties delegated by the Attorney General). We review the denial of a continuance for an abuse of discretion. *Id.* at 634.

We conclude that the IJ did not abuse its discretion. First, the IJ had previously granted Al-Najar's requests for continuances, and this reason alone is a sufficient basis to affirm the IJ. *See Abu-Khaliel*, 436 F.3d at 634-35 (affirming denial of continuance where IJ had previously granted alien's requests for continuance and the alien had violated the laws of the United States, holding that "[t]hese reasons alone provide sufficient basis for this court to find that the IJ did not abuse her discretion in denying Petitioner a further continuance."). Second, and more importantly, the IJ did in fact grant Al-Najar's request for a continuance. As Al-Najar concedes in his brief, the IJ rescheduled Al-Najar's hearing from May 7, 2004, until June 18, 2004. Although this continuance may not have been as lengthy as Al-Najar preferred, the IJ nevertheless did grant petitioner's request. In any event, Al-Najar presents no basis upon which an additional continuance could have benefitted him, inasmuch as he had been convicted of a state crime, rendering him ineligible for voluntary departure.

V.

Al-Najar also asserts that the IJ erred in failing to inform Al-Najar of the availability of relief under 8 U.S.C. § 1182(h), contending that, although Al-Najar was represented by counsel in front of the IJ, "it is clear that the attorney representative did not fully understand the intricacies of the proceedings in which he was participating and lacked the legal knowledge to make important arguments on Petitioner's behalf." Regardless of the quality of Al-Najar's representation before the IJ, we do not have jurisdiction over Al-Najar's claim. Section 1182(h) concludes by providing that "[n]o court shall have jurisdiction to review a decision of the Attorney General to grant or deny a waiver under this subsection." 8 U.S.C. § 1182(h). Moreover, 8 U.S.C. § 1252(a)(2)(B)(i) strips courts of jurisdiction to review "any judgment regarding the granting of relief under section 1182(h) . . . of this title." In any event, Al-Najar is not eligible for relief under § 1182(h), which applies to aliens who are removable due to a "single offense of simple possession of 30 grams or less of marijuana . . . ." 8 U.S.C. § 1182(h). Thus, even assuming we have jurisdiction to consider this claim, it is without merit.

Finally, Al-Najar argues that the BIA erred in denying his petition for asylum, withholding of removal, and withholding under the CAT. His argument is made without citation to either the

record or to any case law and is therefore waived. *United States v. Villareal*, 491 F.3d 605, 611 (6th Cir. 2007) (observing that "it is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived") (quoting *United States v. Johnson*, 430 F.3d 383, 397 (6th Cir. 2005)).

VI.

For these reasons, we deny the petition for review.