**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0407n.06

**No. 10-4459**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| ANNA BOAR, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | On Petition for Review From the |
| | ) | Board of Immigration Appeals |
| | ) | |
| ERIC H. HOLDER, JR., UNITED STATES | ) | |
| ATTORNEY GENERAL, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

FILED

*Apr 13, 2012*

LEONARD GREEN, Clerk

Before:      BOGGS, COOK, and WHITE, Circuit Judges.

BOGGS, Circuit Judge. An immigrant, Anna Boar, argues that she has successfully vacated a state conviction, for immigration purposes, when a state court allowed her to withdraw her guilty plea to that conviction and entered a guilty plea *nunc pro tunc* to a different offense that would have no immigration consequences. We affirm the judgment of the Board of Immigration Appeals (BIA) that she has not done so, because the only reasonable inference that can be drawn from the record is that the vacating court took this action in order to prevent Boar from being deported.

I

Anna Boar is a citizen of Romania who was admitted to the United States in 1995 as an immigrant. On August 24, 1998, when Boar was twenty years old, she was convicted as a Youthful

Trainee, as defined in Michigan Complied Laws (M.C.L.) §762.11,[1] for the offense of first-degree retail fraud.[2] Boar pleaded guilty to this offense. She was sentenced to one year of probation. On August 23, 1999, Boar was discharged from probation and her criminal case was dismissed pursuant to the Youthful Trainee Act.

On December 27, 1999, shortly after the offense was discharged, the former Immigration and Naturalization Service filed a Notice to Appear with the Detroit, Michigan Immigration Court, charging that Boar was removable as an alien convicted of a crime of moral turpitude, committed within five years of admission, for which a sentence of one year or more may be imposed. Immigration and Nationality Act (INA) § 237(a)(2)(A)(i); 8 U.S.C. § 1227(a)(2)(A)(i).

On July 12, 2000 Boar attended a hearing before an immigration judge, where she denied that she had been convicted of first-degree retail fraud, and thus denied that she was removable. She filed a motion on the same day to terminate the removal proceedings, arguing that she had no

---

[1]The Youthful Trainee statute provides: "[I]f an individual pleads guilty to a criminal offense, committed on or after the individual's seventeenth birthday but before his or her twenty-first birthday, the court of record having jurisdiction of the criminal offense may, without entering a judgment of conviction and with the consent of that individual, consider and assign that individual to the status of youthful trainee." If an individual who committed a felony was assigned to youthful-trainee status, the court was required to "do one of the following: (a) Commit the individual to the department of corrections for custodial supervision and training for not more than 3 years . . . . (b) Place the individual on probation for not more than 3 years . . . . (c) Commit the individual to the county jail for not more than 1 year." *Id.* at § 762.13(1). At the time of Boar's conviction, if the status of youthful trainee was not revoked, then upon the completion of the trainee's supervision, training, probation, or jail term, the court discharged the trainee and dismissed the proceedings. *Id.* at § 762.14.

[2]First-degree retail fraud is a felony under Michigan law, punishable by up to two years of imprisonment and a fine of not more than $1,000. MICH. COMP. LAWS § 750.356C (1998).

criminal convictions for purposes of INA § 237(a)(2)(A)(I) because her conviction had been dismissed pursuant to the Youthful Trainee Act.

Boar next sought to vacate the retail-fraud offense from her record entirely. On September 11, 2000, the Circuit Court for Oakland County, Michigan, allowed Boar to withdraw her guilty plea to first-degree retail fraud. The court also allowed Boar to instead enter a plea *nunc pro tunc* to second-degree retail fraud, in violation of M.C.L. § 750.356d, an offense punishable as "a 93-day misdemeanor."[3] The court did not provide reasoning for its decision. Boar's motion, however, stated that she had completed her probation; all the defrauded property had been returned; that no damage to the property was suffered; she owed no restitution; that she had been discharged from probation; that she had not been found in violation of any laws since that offense; and that she was a part-time student who worked two jobs to support her family. Boar also handwrote on the typewritten motion that she wished to withdraw her guilty plea "[p]ursuant to MCR § 6.500 et seq."[4]

On October 12, 2000, Boar filed a renewed motion to terminate the removal proceedings in the immigration court. She withdrew her former argument that she had no convictions on her

---

[3]Because it is not punishable by one year of imprisonment or more, second-degree retail fraud is not an offense that permits removal under INA § 237(a)(2)(A)(i).

[4]Chapter 6.500 of the Michigan Court Rules deals with "Postappeal Relief." The chapter describes the form a motion for post-appeal relief must take, the process for filing and serving the motion, and the procedure for hearing and considering the motion. The chapter does not set forth the grounds on which a conviction can be overturned. In her brief, Boar suggests that the relevant subsection of § 6.500 is § 6.508(d)(3), which states that the court may not grant post-appeal relief to a party if the motion alleges "grounds . . . which could have been raised on appeal" unless the party demonstrates "good cause for failure to raise such grounds . . . and . . . actual prejudice," which can include a defect in the proceedings that renders the plea involuntary.

record.[5]   Instead, she argued that her guilty plea to first-degree retail fraud had been set aside due to an infirmity in the legal proceedings.  She did not provide any evidence of a legal infirmity other than the *nunc pro tunc* plea to second-degree retail fraud.

At a hearing before the immigration court on July 3, 2001, the immigration judge stated that Boar had not met her burden of proof that the Michigan state court's post-conviction actions eliminated her conviction for immigration purposes.  The judge reasoned that the Circuit Court had not indicated the basis for its vacation of her conviction, and that Boar's argument that the conviction had been vacated due to a legal infirmity could not be proved.

The immigration judge later denied Boar's withholding of removal and ordered her to be removed to Romania under INA § 237(a)(2)(A)(I), 8 U.S.C. § 1227(a)(2)(A)(I).   The judge denied Boar's renewed motion to terminate the removal proceedings because Boar did not demonstrate that her conviction was vacated for constitutional or statutory purposes as opposed to for rehabilitative purposes.

Boar appealed the decision.  She argued that the immigration judge erred in holding that her conviction made her subject to removal, because her new conviction, entered *nunc pro tunc* by the Circuit Court, carried a maximum penalty of only 93 days and therefore did not qualify as an offense that permits removal under INA § 237(a)(2)(A)(I), 8 U.S.C. § 1227(a)(2)(A)(I).

The BIA dismissed Boar's appeal, adopting and affirming the immigration judge's decision. The BIA determined that the Circuit Court had changed Boar's plea *nunc pro tunc* to "enhance her

---

[5]At another hearing, on January 3, 2001, Boar filed an application for asylum.  This application was denied on August 24, 2004.  Boar does not appeal the denial of her application.

immigration status" and that Boar "remain[ed] convicted for immigration purposes of the initial crime involving moral turpitude."

On February 7, 2006, Boar filed a petition for review of the Board's decision. On January 8, 2007, the Attorney General filed an unopposed motion to remand the proceedings in light of *Pickering v. Gonzales*, 465 F.3d 263 (6th Cir. 2006), which changed the burden of proof in cases like Boar's, holding that the Department of Homeland Security (DHS) had the burden of showing by clear and convincing evidence that the petitioner's conviction was vacated solely for rehabilitative or immigration purposes.

On March 13, 2007, the Sixth Circuit granted this motion, citing *Pickering* and *Sanusi v. Gonzales*, 474 F.3d 341 (6th Cir. 2007), a case in which the government had been successful in meeting this new burden. The Board of Immigration Appeals then remanded the case to the immigration judge to permit the parties to present argument and evidence on whether the DHS had met its burden of proof. The Board also ordered the immigration judge to address Boar's removability under *Matter of Cota-Vargas*, 23 I. & N. Dec. 849 (BIA 2005), which held that a trial court's decision to modify or reduce an alien's sentence *nunc pro tunc* is entitled to full faith and credit, and that the modification or reduction is valid for purposes of the immigration law without regard to the court's reasoning for its decision.

On remand, the immigration judge denied Boar's motion to terminate the removal proceedings. The judge found that the Circuit Court's decision to withdraw Boar's guilty plea to first-degree retail fraud was in fact based on Boar's successful rehabilitation after the offense. The judge determined that the transcript of the hearing in front of the Circuit Judge "clearly indicate[d]

that [Boar's] withdrawal of her initial plea and the subsequent *nunc pro tunc* plea was entered based on Boar's rehabilitation." The immigration judge again ordered that Boar be removed to Romania.

Boar appealed the immigration judge's decision to the BIA. The BIA dismissed the appeal, holding that the DHS had proven that Boar's motion to withdraw her guilty plea to first-degree retail fraud was based on rehabilitation and immigration purposes. The BIA determined that *Matter of Cota-Vargas* was inapposite because Boar's case involved the vacatur of her conviction, not just the modification or reduction of her sentence.

Boar has appealed the BIA's decision. We deny the petition for review.

II

Boar raises three issues in her appeal, but these collapse into one. Boar contends that her motion to terminate the removal proceedings should have been granted based on the withdrawal of her guilty plea and her subsequent *nunc pro tunc* plea to second-degree retail fraud, because the *nunc pro tunc* plea to second-degree retail fraud completely eliminated her earlier conviction for first-degree retail fraud. She argues that *Matter of Cota-Vargas* required the immigration judge to give the *nunc pro tunc* plea full faith and credit with no regard to the reasons the judge gave for making it.

Where the BIA adopts an immigration judge's reasoning while adding its own comments, as is the case here, this court reviews both the immigration judge's and the BIA's decision. *Singer v. Ashcroft*, 398 F.3d 396, 400–01 (6th Cir. 2005). On petitions from BIA decisions, we review questions of law de novo, but give "substantial deference" to the BIA's interpretation of the INA.

*Ikharo v. Holder*, 614 F.3d 622, 629 (6th Cir. 2010) (internal quotation marks omitted).  Whether

an alien's conviction renders her removable is a legal question that we review de novo.  *Sanusi*, 474

F.3d at 345 (internal quotation marks omitted).

> For immigration purposes, a conviction is:
>
> [A] formal judgment of guilty of the alien entered by a court or, if adjudication of
> guilt has been withheld, where—(i) a judge or jury has found the alien guilty *or the
> alien has entered a plea of guilty* or nolo contendre or has admitted sufficient facts
> to warrant a finding of guilt, and (ii) the judge has ordered some form of punishment,
> penalty, or restraint on the alien's liberty to be imposed.

INA § 101(a)(48)(A), 8 U.S.C. § 1101(a)(48)(A) (emphasis added).   Vacatur of a conviction may

render it invalid for immigration purposes, but this depends on the basis of the vacatur.  If a

conviction is vacated because the process by which it was obtained was defective or illegal, then the

conviction is no longer valid for immigration purposes.  *See Pickering*, 465 F.3d at 266 (stating that

a conviction vacated  "because of procedural or substantive infirmities" is not valid for immigration

purposes).

However, if the vacatur was entered for rehabilitative purposes, "solely to avoid immigration

hardship," then the conviction remains valid for immigration purposes.  *Sanusi*, 474 F.3d at 345

(citing *Pickering*, 465 F.3d at 266).  The government bears the burden of proof of showing by clear

and convincing evidence, either by direct evidence or evidence "from which one could infer and

conclude," that the original court vacated the conviction solely for rehabilitative purposes.  *Al-Najar

v. Mukasey*, 515 F.3d 708, 715–16 (6th Cir. 2008) (citing *Pickering*, 465 F.3d at 270).  When a court

vacates a conviction without explanation, the government may meet its burden when the "alien's

request for vacatur before the state court contained no legal basis to set aside his conviction" because

there is no evidence from which to infer that the writ was granted on a recognized legal ground. *Al-Najar*, 515 F.3d at 717 (citing *Sanusi*, 474 F.3d at 341).

A conviction for first-degree retail fraud, Boar's original conviction, is a conviction that permits removal because it is punishable under M.C.L. § 750.356C by imprisonment of up to two years. However, the conviction was vacated by the Circuit Court, and a conviction for second-degree retail fraud, an offense that does not qualify as removable, was entered *nunc pro tunc*. Therefore, Boar does not have a removable offense on her record, unless the government can show by clear and convincing evidence that the Circuit Court vacated Boar's guilty plea to first-degree retail fraud solely for rehabilitative or immigration purposes. If it did, then Boar's conviction for first-degree retail fraud is still valid for immigration purposes, and she is still removable. *Al-Najar*, 515 F.3d at 715–16.

Boar's motion in the Circuit Court, on the basis of which it vacated her conviction, provided no justification for vacating the conviction other than a rehabilitative purpose. The only law Boar cited was MCR § 6.500 *et seq*. Most of chapter 6.500 deals with the process and form to follow when seeking post-appeal relief; it does not provide grounds on which relief can be granted. Subsection 6.508(d)(3), which Boar's brief suggests applies in her case, states that a court may *not* grant relief to a defendant if they "allege[] grounds for relief, other than jurisdictional defects, which could have been raised on appeal . . . *unless* the defendant demonstrates . . . good cause for failure to raise such grounds on appeal . . . and . . . actual prejudice [such as] . . . in a conviction entered on a plea of guilty, . . . the defect in the proceedings was such that it renders the plea an involuntary one."

Though Boar has indicated that law exists within Chapter 6.500 that could explain why the Circuit Court did not *reject* post-appeal relief, she still gives no legal basis on which the court could have *granted* relief. Specifically, her motion failed to discuss any grounds for relief, any "good cause" for not raising these "grounds" on appeal, or any reason why her original plea should have been found involuntary. Her barely articulated reference to law, undeveloped and unsubstantiated, is no better than no reference to law at all. There is no evidence that the Circuit Court could have vacated Boar's conviction for first-degree retail fraud based on MCR § 6.500 *et seq*.

Boar's case is like *Sanusi*. In *Sanusi*, the defendant had a conviction for property theft that made him removable for immigration purposes. *Sanusi*, 474 F.3d at 343. Another court vacated this conviction, without any explanation of its reasoning. *Ibid.* Because Sanusi had not raised or argued "any colorable legal basis for the vacation of his conviction," but had only discussed in his motion the "harsh immigration consequences" that the conviction would cause, the Sixth Circuit determined that the only reasonable inference that could be drawn was that the conviction was vacated to prevent Sanusi's deportation. The record here is basically the same.[6] The only reasonable inference that can be drawn from the Circuit Court's decision is that Boar's guilty plea was withdrawn and her plea to second-degree retail fraud was entered in order to prevent her from being deported. Therefore, the

---

[6]Boar's case is distinguishable from the case in *Pickering*. In *Pickering*, the court vacated defendant's conviction without explanation, but the defendant had presented a reasonable legal basis for vacating the conviction. Because there was a colorable legal basis for vacating the conviction, the *Pickering* court determined that it was appropriate to draw an inference that the court had based its decision on that reasonable legal basis. Boar's case is different; she did not provide the Circuit Court with a colorable legal basis on which to vacate her conviction.

BIA did not err in holding that Boar's conviction for first-degree retail fraud was still valid for immigration purposes.

We also distinguish this case from *Cota-Vargas,* 23 I. & N. Dec. 849. *Cota-Vargas* dealt with sentence modification or reduction, not the vacatur of a conviction. *Id.* at 850. The question of whether a "conviction" exists under 8 U.S.C. § 1101(a)(48)(A) is separate from the determination of the length of a sentence, or "term of imprisonment," under 8 U.S.C. § 1101(a)(48)(B). A "state court expungement of a conviction is qualitatively different from a state court order to classify an offense or modify a sentence." *Rumirez v. Gonzales*, 456 F.3d 31, 41 n.11 (1st Cir. 2006) (internal quotation marks omitted). *Cota-Vargas* itself recognized the distinction in distinguishing the *Pickering* line of cases, which apply to Boar's case. *Cota-Vargas*, 23 I. & N. at 851–52.

III

For the reasons given above, the petition for review of the judgment of the Board of Immigration Appeals is DENIED.

No. 10-4459
*Boar v. Holder*

**HELENE N. WHITE, Circuit Judge** (dissenting).  Because I conclude that the government

has not shown by clear and convincing evidence that Boar's conviction was vacated solely for

rehabilitative or immigration-related purposes, I respectfully dissent.

Under *Pickering*, Boar's vacated conviction "remains valid for immigration purposes only

if it was vacated *solely* for rehabilitative reasons" or reasons related to her immigration status.

*Pickering v. Gonzales*, 465 F.3d 263, 270 (6th Cir. 2006) (emphasis in original).  The relevant

inquiry centers on the basis on which vacatur is granted, not the reasons for which it is sought.  Thus,

the "motive of the Petitioner in seeking to have [her] conviction quashed is of limited relevance ...."

*Id.* at 267.  In *Pickering*, the petitioner indicated that he sought to quash his drug conviction solely

for immigration-related purposes, but cited the Canadian Charter of Rights and Freedoms as the legal

basis for the request.  *In re Pickering*, 23 I. & N. Dec. 621, 625 (BIA 2003).  The Canadian court

quashed his conviction without referencing any legal authority or providing its rationale.  Yet we

reversed the BIA and granted Pickering's petition, holding that the government could not show by

clear and convincing evidence that the court vacated Pickering's conviction solely to avoid

immigration consequences.  *Pickering*, 465 F.3d at 270.

Here, the circumstances belie the suggestion that the order permitting Boar to withdraw her

guilty plea was entered for rehabilitative purposes because at the time the court permitted Boar to

withdraw her plea, the charge against Boar had already been dismissed for rehabilitative purposes

under the HYTA, based upon Boar's lack of further criminal activity and successful completion of

HYTA conditions.

- 11 -

This still leaves the possibility that the order was entered solely for reasons related to Boar's immigration status. However, there is nothing in the record to indicate that the order permitting Boar to withdraw her guilty plea—which incorporated Boar's motion made pursuant to Mich. Ct. R. § 6.500 *et seq*.,[1] as well as the new plea agreement with the prosecutor—was entered for immigration purposes. We can speculate that it was, but in the absence of any indication that the grounds for the order were solely immigration-related—in either Boar's motion, the transcript of the hearing, or the order granting her motion to withdraw her guilty plea—we cannot presume that the court acted solely to enable Boar to avoid adverse immigration consequences. *Pickering*, 465 F.3d at 269 n.4. The contrary speculation by Boar's counsel—that the new plea agreement had as much to do with Boar's original counsel's ineffective assistance in permitting her to unnecessarily plead to a felony—is equally plausible on this record.

The government carries a heavy burden when it seeks to deport a resident alien. *Pickering*, 465 F.3d at 268. Because I conclude that it has not met that burden by clear and convincing evidence, I would reverse the decision of the BIA and grant Boar's petition.

---

[1]Boar's citation to Mich. Ct. R. § 6.500 *et seq*., which permits relief from a judgment of conviction on substantive grounds, distinguishes this case from *Sanusi v. Gonzales*, 474 F.3d 341 (6th Cir. 2007), where the petitioner did not raise any colorable legal basis for the vacation of his conviction, instead asserting only his ignorance of immigration law at the time he entered his plea and asking for mercy from the harsh immigration consequences of his conviction. *Sanusi*, 474 F.3d at 347.