NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0585n.06

No. 12-4116

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jun 18, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| EVELIN MARIBEL SOLIS-GONZALEZ, | ) | |
| | ) | |
| Petitioner, | ) | ON PETITION FOR REVIEW |
| | ) | OF A FINAL ORDER OF THE |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE: MOORE and GRIFFIN, Circuit Judges; and SARGUS, District Judge.[*]

GRIFFIN, Circuit Judge.

Evelin Solis-Gonzalez petitions for review of an order of the Board of Immigration Appeals upholding an immigration judge's decision to deny her asylum application. We deny the petition.

Solis-Gonzalez is a native and citizen of Guatemala. She entered the United States without inspection in January 2010. Days later, the government charged her as removable for being present in the United States without having been admitted or paroled. *See* 8 U.S.C. §§ 1182(a)(6)(A)(i), 1227(a)(1)(A). She appeared before an immigration judge and conceded the charge. She then filed an application seeking asylum, which, after an evidentiary hearing, the immigration judge denied. The Board upheld that decision, and this petition for review followed.

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

Petitioner claims that she was persecuted in Guatemala—and fears that the persecution will continue should she return—"on account of" her "membership in a particular social group." 8 U.S.C. §§ 1101(a)(42)(A); 1158(b)(1)(B)(i). The social group she proposes consists of "Guatemalan youth who are targeted by the gangs for money and sexual favors, but who refused." The Board ruled that this proposed group did not meet the requirements for legal recognition as a "particular social group."

The term "particular social group" is not defined in the asylum statute, but several Board decisions have given it meaning. We have acknowledged the Board's use of the following criteria for "particular social group" recognition: (1) a shared "immutable" or "fundamental" characteristic; (2) "social visibility"; (3) "particularity"; and (4) the group "cannot be defined exclusively" by the fact that its members have been subject to harm. *Kante v. Holder*, 634 F.3d 321, 327 (6th Cir. 2011) (citing *Matter of A–M–E & J–G–U*, 24 I. & N. Dec. 69, 74 (BIA 2007)). We defer to the reasonable boundaries that the Board creates with respect to the phrase, both generally and in particular determinations. *See Al-Najar v. Mukasey*, 515 F.3d 708, 714 (6th Cir. 2008); *Castellano-Chacon v. INS*, 341 F.3d 533, 546 (6th Cir. 2003).

Applying this framework, the Board reasonably rejected Solis-Gonzalez's proposed social group. As we have stated before, "a social group may not be circularly defined by the fact that it suffers persecution." *Rreshpja v. Gonzales*, 420 F.3d 551, 556 (6th Cir. 2005). Rather, those in the group "must share a narrowing characteristic other than their risk of being persecuted." *Id.*; *see also Castellano-Chacon*, 341 F.3d at 548 ("[S]ociety's reaction to a 'group' may provide evidence in a

specific case that a particular group exists, as long as the reaction by persecutors to members of a particular social group is not the touchstone defining the group."). This "narrowing" requirement enforces the recognition that "the social group category was not meant to be a 'catch all' applicable to all persons fearing persecution." *Matter of C–A–*, 23 I. & N. Dec. 951, 960 (BIA 2006) (citation omitted). Choosing to recognize as a cognizable social group those who suffer persecution in their home country would create precisely such a "catch all."

By defining her proposed social group in terms of those targeted by Guatemalan gangs, Solis-Gonzalez has defined the group in a circular fashion—by the fact that its members suffer persecution. *See, e.g.*, *Kante*, 634 F.3d at 326–27 (group composed of "women subjected to rape as a method of government control" was improperly defined by the very fact that it suffers persecution); *Castro-Paz v. Holder*, 375 F. App'x 586, 591 (6th Cir. 2010) (per curiam) (same with respect to "young, unprotected women who have received gang threats"); *Rreshpja*, 420 F.3d at 556 (same as to young-appearing, attractive Albanian women forced into prostitution); *see also Matter of S–E–G–*, 24 I. & N. Dec. 579, 584 (BIA 2008) (proposed group defined as "youth who have been targeted for recruitment by, and resisted, criminal gangs" might share an immutable past experience, but that experience cannot by itself create a "particular social group" (citing *Rreshpja*, 420 F.3d at 556, and the prohibition on circularly defined social groups)).

Without the circular aspect of the proposed group, we are left only with Guatemalan youth, or perhaps perceived rich and attractive Guatemalan youth. *See Rreshpja*, 420 F.3d at 556 (considering the proposed group absent the circularity). A group so defined plainly fails the

particularity requirement. *See, e.g.*, *id.* (noting that legal recognition of a proposed group consisting of "young, attractive Albanian women" would mean that "virtually any young Albanian woman who possesses the subjective criterion of being 'attractive' would be eligible for asylum in the United States"); *Gomez v. INS*, 947 F.2d 660, 664 (2d Cir. 1991) ("Possession of broadly-based characteristics such as youth and gender will not by itself endow individuals with membership in a particular group."); *Matter of A–M–E & J–G–U*, 24 I. & N. Dec. at 76 ("The terms 'wealthy' and 'affluent' standing alone are too amorphous to provide an adequate benchmark for determining group membership."). *See also Matter of S–E–G–*, 24 I. & N. Dec. at 584–86 (group defined as Salvadorian youth who have resisted gang recruitment failed the particularity requirement).

For these reasons, we deny the petition for review.