NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 26a0206n.06

No. 25-5923

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| JAMES EDWARD HIATT, | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |
| | ) | |

Before: MOORE, WHITE, and THAPAR, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** James Hiatt pleaded guilty to child-pornography offenses and was sentenced to 168 months' imprisonment in 2018. He has since twice moved for compassionate release. Appealing the denial of his more recent motion, he argues that the district court erred in its balancing of the 18 U.S.C. § 3553(a) factors and its conclusion that they weighed against Hiatt's release. Because we discern no abuse of discretion, we **AFFIRM** the decision of the district court.

## I. BACKGROUND

In December 2015, law-enforcement officers used peer-to-peer file-sharing software to connect to James Hiatt's computer and download a video depicting child pornography. R. 25 (Plea Agreement at 2) (Page ID #53). Officers seized Hiatt's computer equipment pursuant to a search

warrant, and a subsequent forensic examination determined that peer-to-peer file-sharing software was installed and thousands of images and videos depicting child pornography were saved on that equipment. *Id.* at 3 (Page ID #54). Hiatt was indicted and pleaded guilty to two counts of distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1). R. 56 (Judgment at 1) (Page ID #1109). In March 2018, the district court sentenced Hiatt to a total term of 168 months' imprisonment to be followed by fourteen years on supervised release. *Id.* at 2–3 (Page ID #1110–11).

Hiatt moved pro se for compassionate release in March 2022. R. 81 (First Sent. Reduction Mot. at 1) (Page ID #1358). Hiatt represented that at that time he had served approximately six years of his sentence. *Id.* at 2 (Page ID #1359). He argued that his medical conditions, namely obesity and major depressive disorder, put him at increased risk of serious illness and death due to COVID-19, and that this health risk amounted to an extraordinary and compelling reason justifying compassionate release. *Id.* at 3–4 (Page ID #1360–61). Additionally, he argued that the 18 U.S.C. § 3553(a) factors weighed in his favor. He emphasized that the instant offense was his only criminal infraction, he had served about half of his sentence, and he had taken steps toward rehabilitation and incurred no disciplinary history while incarcerated. *Id.* at 4–10 (Page ID #1361–67).

The district court concluded that the § 3553(a) factors weighed against compassionate release and denied Hiatt's motion. R. 99 (Order Denying First Sent. Reduction Mot. at 5) (Page ID #1494). The district court focused on the seriousness of Hiatt's offenses, noting that several of the thousands of images and videos extracted from Hiatt's computer "depicted sadism or

masochism, toddlers or infants, or both," *id.* at 6 (Page ID #1495), and that several of Hiatt's victims had submitted victim-impact statements urging denial of his motion, *id.* at 7 (Page ID #1496). The district court recognized Hiatt's arguments as to his rehabilitation and the hardship to his family created by his incarceration, but concluded that those factors did not outweigh the seriousness of his offense. *Id.* at 7, 9 (Page ID #1496, 1498). The court also reasoned that Hiatt still had a significant amount of time remaining on his sentence, and that the risks posed by COVID-19 were lessened by the fact that Hiatt (and many others incarcerated at the same facility) had been vaccinated. *Id.* at 7–8 (Page ID #1496–97). Hiatt did not appeal the district court's order.

Hiatt filed a second pro se motion for compassionate release in February 2025. R. 103 (Second Sent. Reduction Mot. at 1) (Page ID #1502). He represented that he was experiencing several medical issues, including unexplained weight loss, neuralgia, and an inguinal hernia, which the Board of Prisons was not adequately addressing. *Id.* at 3 (Page ID #1504). He also stated that his father was terminally ill on hospice care and that no one but Hiatt himself was available to care for his father at the end of his life. *Id.* at 4 (Page ID #1505). Finally, Hiatt again argued that the § 3553 factors—including his lack of criminal history, his having now served about 75% of his sentence, and his efforts at rehabilitation—militated in favor of compassionate release. *Id.* at 6–11 (Page ID #1507–12).

At Hiatt's request, the district court then appointed counsel. Hiatt's counsel subsequently filed a supplement to Hiatt's motion. R. 112 (Suppl. Mot. at 1) (Page ID #1548). The supplement advised that Hiatt's father was deceased and that, therefore, Hiatt was "now asking for sentence relief so that he may care for his mother." *Id.* at 2 (Page ID #1549). According to Hiatt, his mother

cannot safely live in her home unassisted. *Id.* at 7–8 (Page ID #1554–55). Nor can Hiatt's mother afford to remain where she currently lives, on Hiatt's father's property, alone. *Id.* at 9 (Page ID #1556). However, were Hiatt released, he could live with his mother and assist her in her failing health. *Id.* He would also be able to contribute financially, and so could preserve a place for him to live that might not otherwise be available upon his release in 2028. *Id.* at 10–11 (Page ID #1557–58). The supplement also added information regarding his medical needs: Hiatt has had a few abnormal blood-test results and his hernia has worsened, requiring severe restrictions on his physical activity. *Id.* at 4–6 (Page ID #1551–53). Finally, the supplement reiterated some of Hiatt's arguments about the § 3553(a) factors and added that Hiatt had recently received a disciplinary write-up for a "Low Severity Level prohibited act." *Id.* at 11–12 (Page ID #1558–59).

The district court again denied Hiatt's motion. R. 120 (Order Denying Second Sent. Reduction Mot. at 1) (Page ID #1736). As it did in its first order, the court declined to address whether Hiatt had established extraordinary and compelling grounds for release, concluding instead that the § 3553(a) factors weighed against Hiatt's release. *Id.* at 4 (Page ID #1739). The court reproduced much of the reasoning from its prior order denying Hiatt's first motion for compassionate release. *Id.* at 5–6 (Page ID #1740–41). Addressing the changed circumstances of the present motion, the district court noted that Hiatt "still [has] a significant percentage of his sentence remaining." *Id.* at 7 (Page ID #1742). The court additionally stated that it "consider[ed] [Hiatt]'s arguments regarding his family and medical circumstances to the extent that such arguments implicate the § 3553(a) factors," but concluded that those considerations "do not

4

ultimately shift the balance of the totality of the § 3553(a) factors in favor of early release in this case." *Id.* Hiatt timely appealed. R. 121 (Notice of Appeal at 1) (Page ID #1754); R. 124 (Order Granting Extension of Time to Appeal at 2) (Page ID #1791).

## II. ANALYSIS

A district court "may not modify a term of imprisonment once it has been imposed" except in limited circumstances. 18 U.S.C. § 3582(c). One such circumstance is so-called compassionate release. Under 18 U.S.C. § 3582(c)(1)(A), a court "may reduce [a defendant's] term of imprisonment" upon the defendant's motion, "after considering the factors set forth in section 3553(a)[1] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[2] Each of those requirements is necessary to the grant of compassionate release. Thus, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). And, accordingly,

---

[1]The 18 U.S.C. § 3553(a) factors include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment"; "(3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for" the offense at issue; (5) any relevant policy statements from the Sentencing Commission; "(6) the need to avoid unwarranted sentence disparities"; and "(7) the need to provide restitution to any victims of the offense."

[2]There is also an exhaustion requirement. Here, the Government largely waived exhaustion before the district court. R. 116 (Resp. in Opp'n to Def.'s Mot. for Compassionate Release at 3 n.1) (Page ID #1676). To the extent that some portion of an exhaustion defense remained un-waived, the Government forfeits it by failing to raise the issue on appeal. *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir. 2005) ("[The] failure to raise an argument in [an] appellate brief constitutes a [forfeiture] of the argument on appeal."); *Al-Najar v. Mukasey*, 515 F.3d 708, 713 n.2 (6th Cir. 2008).

"we can affirm a court's denial of a defendant's compassionate release motion based on the court's consideration of the § 3553(a) factors alone." *United States v. Tomes*, 990 F.3d 500, 504 (6th Cir. 2021).

On appeal, we review the denial of compassionate release for an abuse of discretion. *Elias*, 984 F.3d at 520. A district court abuses its discretion where "it base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020) (quoting *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563 n.2 (2014)). A district court need not "pen a 'full opinion' in every sentencing or sentencing-modification decision." *Id.* at 1113 (quoting *Chavez-Meza v. United States*, 585 U.S. 109, 113 (2018)). "Even when sentence-modification cases appear straightforward," however, "we nonetheless encourage judges to be explicit and particular with their factual reasoning." *Id*.

We note at the outset of our analysis that Hiatt has provided very little in the way of argument before this court—the argument section of his brief occupies just two and one-half pages, and he did not file a reply brief. D. 10 (Appellant Br. at 17–19). He argues that the district court abused its discretion in its balancing of the § 3553(a) factors. *Id.* But Hiatt candidly "recognizes that the balance of this [c]ourt's jurisprudence weighs against his argument on appeal." *Id.* at 17. His observation is correct.

We have held that "district courts have wide latitude to deny compassionate release based on the seriousness of the underlying offense." *United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021). The seriousness of Hiatt's offense was a primary driver of the district court's decision here. The court repeated the analysis from its previous order, noting that Hiatt's "offense involved

thousands of images and videos on his computer depicting sadism or masochism, toddlers or infants, or both" and that several victims had provided impact statements to the court advocating against Hiatt's release. R. 120 (Order Denying Second Sent. Reduction Mot. at 6) (Page ID #1741). After quoting its prior explanation, the court emphasized that the seriousness of Hiatt's offense "continues to militate against his release." *Id.* at 7 (Page ID #1742).

Importantly, however, the district court did not address *only* the seriousness of Hiatt's offense; it also "considered the parties' arguments." *Chavez-Meza*, 585 U.S. at 119 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). In particular, the district court recognized Hiatt's "family and medical circumstances, . . . completion of education programming[,] and maintenance of a mostly incident-free disciplinary record during his incarceration." R. 120 (Order Denying Second Sent. Reduction Mot. at 7) (Page ID #1742). But in the district court's estimation, those factors did not outweigh the seriousness of Hiatt's offense and the "significant period of time remaining in his sentence." *Id.*

The district court also thoroughly considered the § 3553 factors at Hiatt's original sentencing. When the same judge conducts "both the initial sentencing and the sentencing-modification proceedings," we look to the district court's consideration of the § 3553 factors on both occasions. *Jones*, 980 F.3d at 1114 (noting that the record "*as a whole*" must demonstrate that "the pertinent factors were taken into account by the district court." (citation modified)). At Hiatt's sentencing, the district court thoroughly discussed, *inter alia*: Hiatt's upbringing and childhood difficulties, current family status, mental-health struggles, and education and job history, going to his history and characteristics; the nature of his offense, referring to the

description in the presentence investigation report and the "vast amount of images" involved; the need to promote respect for the law; Hiatt's "acceptance of responsibility and remorsefulness for his conduct"; the need to afford adequate deterrence; and Hiatt's "lack of previous criminal history." R. 58 (Sent'g Hr'g Tr. at 34–37) (Page ID #1154–57). The district court emphasized that "child pornography is a serious offense," that "the Guideline calculations reflect the serious nature," and "that this is not a victimless crime." *Id.* at 41 (Page ID #1161). It ultimately concluded that a "slight variance" was warranted in light of Hiatt's mental-health issues and other characteristics and sentenced Hiatt to 168 months' imprisonment (20 months below the bottom of the Guidelines range). *Id.* at 32, 42–43 (Page ID #1152, 1162–63). This thorough treatment of the § 3553(a) factors at Hiatt's initial sentencing buttresses the district court's discussion of the sentencing factors in the compassionate-release order at issue here.

Hiatt's argument that the district court overly relied on the time remaining on Hiatt's sentence fails to persuade. *See* D. 10 (Appellant Br. at 18–19). As recounted above, the district court appropriately weighed many of the sentencing factors throughout this case. The district court's reference to the "significant percentage of [Hiatt's] sentence remaining" was just one consideration of many. R. 120 (Order Denying Second Sent. Reduction Mot. at 7) (Page ID #1742). To be sure, perhaps unlike in other compassionate-release cases, Hiatt has served "a majority of his sentence." *Id.* at 6. But the district court recognized that fact, *see id.* at 6, 7, and viewing the record as a whole we cannot say it abused its discretion in concluding that that factor weighed against Hiatt's release.

* * *

In sum, this is not a case where the district court "issue[d] [a] single-sentence or otherwise exceedingly slim compassionate release decision[]." *Jones*, 980 F.3d at 1114. The district court explicitly invoked and discussed the sentencing factors at both the initial sentencing hearing and in its compassionate-release decision. We are satisfied that in the present case the court fulfilled its obligation to consider the § 3553(a) factors, and we discern no abuse of discretion in its balancing thereof.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the decision of the district court.